*1073 OPINION OF THE COURT
Memorandum.
Final judgment unanimously reversed without costs and petition dismissed.
While consignees may not be protected under the Federal Petroleum Marketing Practices Act (15 USC § 2801 et seq.), which defines a protected retailer as a person "who purchases motor fuel for sale to the general public” (15 USC § 2801 [7] [emphasis added]; see, Miller v W.H. Bristow, Inc., 739 F Supp 1044), such consignees are protected under New York’s motor fuel franchises law (General Business Law § 199-a) where they are franchisees and not mere employees of the distributor (see, Johnson v Mobil Oil Corp., 553 F Supp 195). Inasmuch as tenant is such a franchisee, it was entitled to the 10-day notice to cure provided for in General Business Law § 199-c (3) and landlord’s failure to afford tenant this notice is fatal to the maintenance of this proceeding.
DiPaola, P. J., Ingrassia and Floyd, JJ., concur.